UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cr-00175-FDW-DCK

| | |
|---|---|
| JOHN M. CASPER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Pro Se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Doc. 27].

On August 11, 2023, Petitioner was charged in a Bill of Information with one count of wire fraud in violation of 18 U.S.C. § 1343. [Doc. 1: Bill of Information]. On September 19, 2023, Petitioner pleaded guilty to this count pursuant to a written plea agreement. [Doc. 2: Plea Agreement; Doc. 8: Acceptance and Entry of Guilty Plea]. Petitioner was sentenced to a term of imprisonment of 24 months. Judgment on his conviction was entered on June 5, 2024. [Doc. 25].

On or around June 10, 2024, Petitioner filed the instant Section 2255 Motion to Vacate. [See Doc. 27 at 12]. Petitioner claims he received ineffective assistance of counsel because his attorney advised him that "the factual offenses" in his presentence report "were formalities from the original charges" and "misled [Petitioner] when [he is] not guilty of embezzling, scheme to defraud or the amount stated." [Id. at 4]. Thus, it appears Petitioner claims he was unaware that such "factual offenses" could enhance his offense level at sentencing. On June 19, 2024, Petitioner appealed the conviction and judgment to the Court of Appeals for the Fourth Circuit. [Doc. 29]. Petitioner's appeal remains pending.

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein.

Petitioner has directly appealed his conviction and sentence, and his appeal remains pending. A Section 2255 motion attacking the same conviction and sentence that is the subject of a pending, direct appeal is premature. See United States v. Gardner, 132 F.App'x. 467, 468 (4th Cir. 2005). As such, the Court will dismiss the Petitioner's motion without prejudice and without addressing its merits. The Petitioner may refile a Section 2255 motion to vacate, if at all, once his appeal has been decided.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 27] is **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Signed: June 24, 2024

Frank D. Whitney
United States District Judge